UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SAMUEL ILORI, | ) | CASE NO. 4:08 CV 2736 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

Pro se petitioner Samuel Ilori filed the above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Ilori seeks an order from this court vacating his sentence and granting him a new sentencing hearing.

BACKGROUND

Mr. Ilori was indicted on November 28, 2001 in the United States District Court for the Northern District of Illinois. United States v. Ilori, No. 1:01cr0913-1 (N.D. Ill. 2001). The indictment charged him with possession of a controlled substance in violation of 21 U.S.C. § 841. He pleaded guilty to the one count indictment and was sentenced to 151 months in prison on January 10, 2003. He immediately appealed his conviction to the Seventh Circuit Court of Appeals. The appeal was dismissed by the court on July 7, 2003.

In 2004, Mr. Ilori filed a motion in the United States District Court for the Northern District of Illinois to vacate his sentence pursuant to 28 U.S.C. § 2255. Ilori v. United States, No. 1:04cv4700 (N.D. Ill. filed July 19, 2004). He argued he was sentenced in violation of the Sixth Amendment, in light of the Court's decision in Blakely v. Washington, 542 U.S. 296 (2004).[1] The district court denied the motion on November 18, 2004. District Court Judge Elaine E. Bucklo explained that regardless of whether the Court determined Blakely applied retroactively, the case did not apply to guideline sentences. Petitioner then filed a certificate of appealability, which the court construed as a Notice of Appeal.

Judge Bucklo denied his motion for certificate of appealability on June 6, 2005, after determining his appeal raised no debatable questions deserving appellate review. The Seventh Circuit dismissed petitioner's appeal for lack of jurisdiction on August 17, 2005. It further ordered the clerk of the district court to docket Mr. Ilori's request for a certificate of appealability as a notice of appeal and forward it to the Circuit pursuant to Circuit Rule 3(a). See Ilori v. United States, No. 1:04cv4700 (N.D. Ill.  2004)[Dkt #27].

The Seventh Circuit affirmed the district court's judgment on November 28, 2006. See Ilori v. United States, No. 05-4138 (7th Cir. filed Nov. 28, 2006). It reiterated an earlier decision wherein it held the Supreme Court did not make Blakely applicable to guidelines sentences before its decision in Booker, and Booker "does not apply retroactively to criminal cases that became final before its release on January 12, 2005." McReynolds v. United States, 397 F.3d 479, 481 (7th Cir.

---

[1] This was a reference to the Supreme Court's Blakely holding wherein an enhanced sentence imposed by a judge under the Washington Sentencing Reform Act, which was based on facts neither admitted by the defendant nor found by a jury, violated the Sixth Amendment to the United States Constitution. Blakely, 542 U.S. at 305.

2005). The Seventh Circuit acknowledged certiorari was granted in Burton v. Waddington, 2005 WL 1793351 (9th Cir. 2005), cert. granted 74 U.S.L.W. 3676 (U.S. June 5, 2006)(05-9222) to determine whether Blakely announced a new rule of law.[2] The court noted, regardless of the decision, petitioner would not benefit because he failed to raise a Sixth Amendment claim on direct appeal, and subsequently failed to show cause or actual prejudice resulting from the alleged error.

In his petition before this court, Mr. Ilori claims he was denied due process because he was sentenced based on inaccurate sentencing facts and an improper application of the United States Sentencing Guidelines. Specifically, he asserts the district court improperly determined he lied under oath about his role in the offense to which he pleaded guilty. The court compounded its error when it denied his request for reduction in sentence based on acceptance of responsibility and determined he obstructed justice. Petitioner argues the denial of his request for a sentence reduction and the enhancement of his sentence for allegedly obstructing justice constitutes double punishment based on identical facts. Mr. Ilori believes the only remedy is to vacate his sentence, hold a hearing to determine what facts constituted perjury and "apply [the] same fact for a one-time enhancement, not twice." (Pet. at 7.)

28 U.S.C. § 2241

---

[2] The Supreme Court ultimately declined to address Blakely, however, because petitioner-a state prisoner seeking postconviction relief from the federal courts-failed to comply with the gatekeeping requirements of 28 U.S.C. § 2244(b). Burton v. Waddington, 547 U.S. 1178(U.S. Jun 05, 2006) (No. 05-9222) and vacated and remanded by Burton v. Stewart, 549 U.S. 147 (U.S. Jan 09, 2007) (No. 05-9222). Because of his failure, the district court was deprived of jurisdiction to hear his claims. The Court vacated the judgment of the Court of Appeals and remanded with instructions to direct the district court to dismiss petitioner's habeas corpus application for lack of jurisdiction.

Mr. Ilori asserts he is entitled to seek relief under 28 U.S.C. § 2241 because his remedy under 28 U.S.C. § 2255 is inadequate and ineffective to test the legality of his confinement. A safety valve provision within § 2255 allows a federal prisoner to bring a § 2241 claim challenging his conviction or imposition of sentence, if it appears the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." United States v. Hayman, 342 U.S. 205, 223 (1952); In re Hanserd, 123 F.3d 922, 929 (6th Cir.1997). For the reasons explained below, however, petitioner's circumstances do not render his remedy under § 2255 inadequate or ineffective.

The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. See Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). A federal prisoner may not challenge his conviction and sentence under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255 (last clause in fifth paragraph, the "savings clause"). A prisoner's remedy under § 2255 is not inadequate or ineffective merely because the prisoner is time-barred or otherwise procedurally barred from seeking relief under § 2255, see In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997), or because he has already filed one motion to vacate, see In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.1997), or because the prisoner has been denied permission to file a second or successive motion to vacate. United States v. Peterman, 249 F.3d 458, 461 (6th Cir. 2001). Furthermore, unlike other prisoners who have obtained review of their viable innocence claims under § 2241 because they did not have a prior opportunity to present their claims, see, e.g., In re Davenport, 147 F.3d 605, 609, 611 (7th Cir.1998), Mr. Ilori

4

had the opportunity to raise his claim in a § 2255 motion to vacate and did so.

CONCLUSION

Based on the foregoing, this petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                  */s/Dan Aaron Polster 2/26/09*
                                   DAN AARON POLSTER
                                   UNITED STATES DISTRICT JUDGE